## JAMES C. STONE v. CONGREGATIONAL SOCIETY OF EAST BERKSHIRE.

Corporations are liable upon an implied assumpsit as well as an express one.

Misnomer of a corporation is matter of abatement, and when they appear by the name in which they are sued, and the cause is referred, it is too late to call in question their corporate being, before the referees.

When individuals hold themselves out as a society with corporate powers, hold meetings as such, and, in one, duly called, employ a person to render services for them, they cannot require such person to prove, by their incorporation or written constitution, that they are empowered to act as they have assumed to do.

Members of a society organized with corporate powers, under the statute for the support of the gospel, are not competent witnesses, at common law, for the corporation; and it is not a case within the act passed in 1816, making, in certain cases, corporators witnesses.

THIS was an action of assumpsit, in which the plaintiff declared against the defendants, as members of the Congregational Society of East Berkshire, upon their contract to pay him one hundred and twenty-five dollars for building a shed, and repairing the parsonage house, belonging to them.

The declaration contained also general counts for work and labor and materials, &c.

On the entry of this case in the county court, it was referred, by agreement of parties, to referees who reported that, having heard the parties and their proofs and allegations, they found that the defendants did assume and promise as the

plaintiff alleged in his declaration, and that there was due to the plaintiff, from the defendants, the sum of sixty-six dollars and sixty-six cents.

FRANKLIN,
January,
1842.

Stone
v.
Berkshire
Cong. society.

They further reported that on the trial before them, the plaintiff offered evidence tending to prove that certain individuals had called themselves members of the Congregational Society of East Berkshire; that such individuals had held meetings, and in one of said meetings had contracted with the plaintiff to perform the work and labor, as stated in his declaration. To this testimony the defendants objected on the ground that some written constitution or organization of the society should be produced. The objection was overruled by the referees and the evidence admitted.

They further reported that the defendants offered witnesses, who were members of said society, (if any such society legally existed,) who were objected to by the plaintiff, on the ground of interest, and the witnesses were excluded by the referees, and that on the hearing and decision of this cause, the referees intended to decide according to the principles of law.

This report was accepted by the county court and judgment rendered thereon for the plaintiff, to which the defendants excepted.

*J. & J. G. Smith,* for the defendants.

There is no *person,* either *natural* or *artificial, as defendants,* described in the plaintiffs writ, against whom any judgment can be legally rendered and enforced. The suit is against the *members* of what the plaintiff alleges to be the Congregational Society of East Berkshire, and if the plaintiff obtain a judgment in this suit, it must be against the members of said society and the execution must correspond with the writ and judgment.

If the suit was intended to be against the persons who were present at the meeting when the contract (if any) was made with the plaintiff, such persons should have been individually named *in* and served *with* the writ.

If the suit was intended to be against the society, it should have been brought against it by its *corporate name.* " *The Congregational Society of East Berkshire,*" if that be the name, should have been summoned to answer unto the plaintiff. If a judgment should be rendered against the *members*

FRANKLIN,
January,
1842.

Stone
v.
Berkshire
Cong. society.

of such society and the execution be made out accordingly, whose property will the sheriff levy upon ? Will it be the property of some *reputed* to belong to such society ? or will it be on the corporate property of such society ?

The person named in the *writ* is the party to the suit, and *not* the person named in the *declaration,* and if the person named in the declaration differ from the person named in the writ, the proceedings will be set aside for irregularity. 1 Chitty's Pl.283-4.

2. It was absolutely essential for the plaintiff, in order to recover against such society in their corporate capacity, to have shown by the *best* evidence the nature of the case would admit of, to wit, *the record,* that there was a *legally organized society.*

If any such society has ever been organized the plaintiff could have summoned the clerk of such society to bring in *the record.*

3. If, however, the plaintiff had showed a *legal organization* of the society, agreeably to the provisions of the statute, still he would not be entitled to recover upon the facts reported by the referees. The contract set up by the plaintiff was not made by any agent having authority to make it, nor was it made, nor afterwards approved of, by any vote of the society. *Hayden et al* v. *Middlesex Turn. Co.,* 10 Mass. R. 397. *Andover Turn. Co.* v. *Hay,* 7 Mass. R. 102. *Essex Turn. Co.* v. *Collins,* 8 Mass. R. 292.

The referees report, that the plaintiff offered evidence tending to prove ' that certain individuals had called them- ' selves members of the Congregational Society of East ' Berkshire ; that such individuals had held meetings, and, in ' one of said meetings, had contracted with the plaintiff to ' perform the work and labor stated in his declaration.'

4. If the legal organization had been shown, the contract declared upon was not within the powers conferred upon such corporations by statute. Comp. Stat. 600 and 602.

The form of agreement prescribed by the 3d section of the act passed November 10, 1814, for constituting such associations, limits the powers of the society thus organized to the sole purpose of building a meeting house, and settling and supporting a minister.

5. The witnesses offered by the defendants and excluded by

FRANKLIN,
*January,*
1842.

Stone
*v.*
Berkshire
Cong. society.

the referees, ought to have been permitted to testify. They could have been excluded (if at all) only on the ground that they were in fact members of a *legally organized* society and that such society was a party to the suit. They could in no way be interested in the event of the suit, unless they were *members* of such a society. Now the referees do not, in their report of facts, state that they found the existence of such a society, but, on the contrary, they have left that fact *undecided.*

But if the witnesses offered were in fact members of such society, still they ought to have been permitted to testify. They had no such interest in the event of the suit as would have legally disqualified them as witnesses. Comp. Statute page 107.

*Smalley & Adams,* for plaintiff.

I. The defendants, by appearing in the action, admitted their corporate existence. If they have no such existence, they cannot be injured by a judgment. If they are misnamed in the writ, this defect can be taken advantage of only by plea in abatement. 1 Chit. 440.

Hence the plaintiff, on the trial of the general issue, was not bound to prove the coporate existence of the defendants, by producing their articles of association.

The statute does not require any bye-laws or written regulations in cases of such associations, and whether any existed or not, does not appear.

It is sufficient for the plaintiff to have proved that the defendants *professed* to act in a corporate capacity and in such capacity made the contract in question. They could have shown their articles of association, and by them have shown, if the fact were so, that the proceedings were contrary to the provisions of those articles. But instead of doing this they attempted to put in issue the fact of their own existence, and that, not by plea in abatement, but on the trial of the merits before the referees.

Corporations, like individuals, are liable in the capacity in which they hold themselves out to the world. 1 Swift, 71.

II. The members of the society were not competent witnesses for the defence.

Franklin,
January,
1842.

Stone
v.
Berkshire
Cong. society.

The opinion of the court was delivered by

Bennett, J.—This case comes before us upon the report of referees; but inasmuch as they report to the court below that they intended to decide according to the principles of law, it is competent for this court to revise their decisions, so far as any questions of law are raised upon the report. The referees have not given us the evidence or the facts proved before them, upon which they found that the defendants had assumed and promised as alleged in the plaintiff's declaration. Two questions only can be raised upon this report; 1st. was there error in admitting certain testimony detailed in the report? and 2d, in excluding certain persons offered as witnesses on the part of the defendants? Though the argument has taken somewhat of a wide range, yet the opinion of the court need only be expressed upon the points which legitimately arise in the case. It seems that evidence, on the part of the plaintiff, was admitted tending to prove that certain individuals had called themselves members of the Congregational Society of East Berkshire; and that such individuals had held meetings, (no doubt meaning as such society,) and in one of such meetings had employed the plaintiff to perform the work and labor sued for.

The doctrine is now well settled in this country that corporations are liable in the action of assumpsit, the same as individuals; and that an express assumpsit may be proved, or one may be implied from the acts of the corporators themselves, or of their authorized agents. No one can doubt that the testimony, offered and admitted, was proper to show that the plaintiff was employed to perform the services by persons who reputed themselves to be the corporators of the society, and this too at a *corporate* meeting of the same. But this evidence seems to have been objected to, on the ground that the plaintiff must have first shown some written constitution or organization of the society. But this would not constitute an objection to the admission of the evidence, though it might not avail the party, provided it was necessary for him to show a written constitution by which the persons employing him, had been organized into a corporation. The report of the referees states that this testimony was objected to on the ground "that some written

constitution or organization of the society should be produced;" and the question has been argued, whether it was incumbent upon the plaintiff to show some written constitution or organization of the seciety before he could recover. It is to be remarked that the defendants appear in court by the name in which they are sued ; there is no plea, alleging a misnomer or putting in issue the existence of the defendants, as a corporation, but a rule of reference is entered by consent of parties. It is well settled that the misnomer of a corporation is only matter of abatement, and we think that where the defendants appear under the corporate name by which they are sued, and, by agreement of parties, refer the cause, it is too late for them to call in question their corporate existence before the referees. It is a recognition of such an existence ; and, without it, the whole proceeding is but a nullity. No question is raised as to the legality of the meeting nor of the power of the individuals who, as corporators, contracted with the plaintiff, to bind the society, and it would indeed be going a great way to hold that the defendants, after having held themselves out as members of the society, held meetings, and, in one of them, employed the plaintiff to render the services now claimed, have the right to call upon the plaintiff to prove that there is such a society, capable of acting as they have professed to act.

It is evident that, at common law, the members of this society could not be witnesses for the corporation, and our courts have always in such cases adhered to the principles of the common law. The case does not come within the provisions of the act of 1816, making the members of certain corporations witnesses in their own behalf, and they were properly rejected.

The judgment of the county court is affirmed.

FRANKLIN, January, 1842.

Stone v. Berkshire Cong. society.